IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-50731
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RANDY STEWART,

Defendant-Appellant.

_____

Appeal from the United States District Court for
the Western District of Texas
(A-92-CR-120)
_____

January 17, 1997

Before POLITZ, Chief Judge, REAVLEY and DENNIS, Circuit Judges.

PER CURIAM:[*]

The district court's judgment is affirmed for the following

reasons:

    1.  Stewart attempts to raise issues that he could

have raised but failed to do so on his prior appeal.  These

arguments will not be considered.  *See* Paul v. United

---

[*] Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

States, 734 F.2d 1064, 1066 (5th Cir. 1984); United States v. Wright, 716 F.2d 549, 550 (9th Cir. 1983).

2.  The question we do face is the admissibility of the evidence from the search of Stewart's home and the denial of his motion to suppress that evidence.  The officers conducted the search upon authority of a warrant, but Stewart argues that the warrant was issued without probable cause and upon only a "bare-bones" affidavit.  With or without probable cause, officers may execute a magistrate's warrant unless the magistrate was misled by false information, or the magistrate abandoned the judicial role, or the warrant was so deficient that the officers could not reasonably presume it to be valid, or where the warrant is based upon an affidavit "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable."  United States v. Leon, 468 U.S. 897, 923, 104 S.Ct. 3405, 3421 (1984).

The question here, then, is whether the affidavit was so deficient as to make a belief that it supported probable cause entirely unreasonable.  It was not so deficient.  And it contained more than conclusions.  It informed the magistrate as follows:

   a.  Stewart had a prior conviction for manufacturing methamphetamine.

b.   A co-conspirator in the Pierce methamphetamine manufacturing and distribution organization informed the affiant that Stewart was acting as advisor to methamphetamine cooking operations.  That informant had given the affiant information on numerous other occasions, information corroborated by the affiant.

c.   Stewart's vehicle was observed at Pierce's residence and the two of them were seen moving a baby crib into Stewart's vehicle and a box into Pierce's truck.  The officers, upon a warrant then obtained, searched the truck and found phenylacetic acid in the box with Stewart's fingerprints on the box.

d.   The affiant, experienced as a DEA agent, stated that upon his experience and the information in the affidavit, he concluded that there was probable cause to believe that certain materials used in the manufacture and distribution of controlled substances would be found at Stewart's home.

Judge Sam Sparks carefully considered the arguments made against the sufficiency of this affidavit and explained why he upheld the search of the home:

> In this case, because Stewart is alleged to be an advisor to those who actually manufacture methamphetamine, rather than a direct participant in that process, there is a very good argument that probable cause

existed to search his home for these items despite lack of specific evidence of a nexus between the house and criminal activity. One would expect Stewart to operate out of a location other than the various places where those he is suspected of advising manufacture methamphetamine. Furthermore, even if Stewart's only participation was in connection with the operation involving his codefendants in this case, the location where the actual manufacturing was thought to have taken place had already been searched. Because no records connecting Stewart with the manufacture of, or distribution of, methamphetamine were found at these other locations and because of Stewart's alleged unusual role as advisor, the Court finds that the facts in the affidavit did establish probable cause to search Stewart's residence.

Whether probable cause existed or not, it cannot be said that the magistrate's decision that it did exist was entirely unreasonable.

AFFIRMED.